UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY LYNN ROBINSON,<br><br>   Plaintiff,<br><br>   v.<br><br>SHERWIN WILLIAMS CO., et al.,<br><br>   Defendants. | Case No.: 1:20-cv-00112-DAD-JLT<br><br>ORDER GRANTING MOTION TO COMPEL MEDICAL EVALUATION OF THE PLAINTIFF<br><br>ORDER GRANTING IN PART MOTION TO AMEND SCHEDULING ORDER<br><br>(Doc. 34) |

On February 22, 2021, Defendants filed the instant notice of motion and motion seeking to compel a physical examination of the Plaintiff as well as a continuation of the scheduling order's deadlines. (Doc. 34.) Plaintiff filed an opposition on March 5, 2020. (Doc. 36.) On the same day, the parties filed a joint statement related to the motion. (Doc. 37.) For the following reasons, the Court **GRANTS** Defendants' motion to compel the independent medical evaluation of Plaintiff and **GRANTS IN PART** the motion to amend the scheduling order.

**I.     Relevant Background**

This is a personal injury case arising from a motor vehicle accident that occurred on November 2, 2017, between Plaintiff Casey Robinson and Defendant Kristian Trevino (an employee of Defendant The Sherwin-Williams Company). (Doc. 37 at 2.) The Court issued its scheduling order in this case on April 15, 2020. (Doc. 21.)

On February 1, 2021, Plaintiff disclosed and produced Rule 26(a)(2) materials for a retained

1

1  pain management doctor, vocational rehabilitation expert, life care planner, and economist. (Doc. 37 at
2  3.) Plaintiff also disclosed non-retained treating physicians. (Id.) Defendants did not disclose experts
3  on February 1, 2021 but requested that Plaintiff provide dates on which she is available for an
4  independent medical evaluation. (Id.)

5  On February 3, 2021, Plaintiff relayed her position that Defendants may not call any experts at
6  trial or medically examine the Plaintiff because their expert disclosures and any Rule 35 request for a
7  medical evaluation are untimely. (Doc. 37 at 3; Doc. 37-1.) On February 5, 2021, Defendants
8  responded that their disclosures and Rule 35 request are not untimely because Defendants do not carry
9  any burden of proof on issues of medical causation or damages (the only issues on which Defendants
10 intend to produce expert reports) and, therefore, Defendants' experts in these areas are rebuttal in
11 nature. (Doc. 37 at 3; Doc. 37-2.) On February 8, 2021, the parties met via video to attempt to resolve
12 their disagreement. (Doc. 37 at 3.) Plaintiff's position following meet and confer is that, while
13 Defendants may present a defense economist or vocational rehabilitation expert whose testimony is
14 purely rebuttal in nature, Defendants may not present a medical expert or any testimony that is based
15 on a medical opinion. (Doc. 37 at 3; Doc. 37-3.)

16 On February 9, 2021, Defendants reiterated their request for a medical evaluation of Plaintiff
17 and asked Plaintiff to reconsider her position on that issue. (Doc. 37 at 4.) Defendants asked that, in
18 the event Plaintiff would not appear for the evaluation, she prepare a statement for a joint letter to the
19 Court. (Doc. 37 at 4; Doc. 37-4.) On February 12, 2021, Defendants requested an informal conference
20 with the Court. (Doc. 37 at 4.)

21 The Court held the informal conference on February 22, 2021. (Doc. 32.) The parties were
22 unable to reach a resolution at the hearing, so the Court granted leave to file a discovery motion on this
23 matter. (Doc. 33.) The parties met and conferred following the hearing, but again were unable to reach
24 an immediate agreement, so the planned medical examination set to be held on February 23, 2021 was
25 cancelled. (Doc. 37 at 4.) On February 22, 2021, Defendants filed the instant notice of motion and
26 motion seeking to compel a physical examination of the Plaintiff as well as a continuation of the
27 scheduling order's deadlines. (Doc. 34.) Plaintiff filed an opposition on March 5, 2020. (Doc. 36.) On
28 the same day, the parties filed a joint statement related to the motion. (Doc. 37.)

2

## II. Legal Standards

### A. Independent Medical Examination

Pursuant to Rule 35 of the Federal Rules of Civil Procedure, the Court may order a physical or mental examination of a party whose medical or mental health condition is "in controversy." Specifically, Rule 35(a) provides: "The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." *Id.* An order for examination "may be made only on motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2)(A).

The rule's requirements "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). In general, Rule 35(a) is to be construed liberally in favor of granting discovery. *See*, *e.g.*, *Turner v. Imperial Stores*, 161 F.R.D. 89, 96 (S.D. Cal. 1995). An order granting a Rule 35 examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

### B. Scheduling Orders

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." *Id.* Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case*

*Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order has the burden to demonstrate:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

### III. Discussion and Analysis

#### A. Motion to Compel Independent Medical Examination

Defendants request an order compelling Plaintiff to appear for a medical evaluation with Dr. Brian Gantwerker M.D., at 16633 Ventura Boulevard, Suite 802, Encino, California 91436. (Doc. 34; see also Doc. 37 at 19.) Plaintiff opposes the request and contends that the request is untimely. (Doc. 36 at 6-7.) The parties argue at length about the timeliness of the examination request and whether the rebuttal expert disclosure deadline applies to this issue. (Doc. 36 at 6-7; Doc. 37 at 4-5; 11-17.) Nonetheless, whether Defendants' expert's testimony will be purely rebuttal in nature at this point is speculative. (Doc. 36 at 7, 9; Doc. 37 at 8-10.) Plaintiff admits that it is difficult if not impossible to see how Defendants' medical experts will put forth their own theories or opinions. (Doc. 37 at 9.) Accordingly, as Plaintiff acknowledges, it would be speculative to determine at this juncture whether Defendants' medical and damages experts are rebuttal experts. (See Doc. 37 at 8-9.)

4

Additionally, Defendants assert that prohibiting them from presenting a rebuttal medical expert at trial or conducting a medical evaluation of Plaintiff is not commensurate with any perceived prejudice Plaintiff feels she may have incurred. (Doc. 37 at 20.) Defendants also contend that any delay in the disclosure of Defendants' medical or other rebuttal expert opinions is attributable to Plaintiff's refusal to submit to a medical evaluation. (Doc. 37 at 20.) The Court noted in its previous order that it was "clear that the prejudice that would be imposed if the defense is allowed to conduct the medical examination and make the disclosure, appeared to be minimal, if it existed at all." (Doc. 33 at 1.) Defendants are entitled to conduct their own evaluation of the conditions that Plaintiff has placed in issue to "'level the playing field' between parties in cases in which a party's physical or mental condition is in issue." (Doc. 37 at 19, citing *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995).) Plaintiff even alleges that "[w]ithout a doubt Plaintiff's injuries are central to this case" (Doc. 36 at 6) and that this case is about the nature and extent of Plaintiff's injuries (Doc. 37 at 6). Defendants assert that they should not be precluded from making a case on the merits, and the Court agrees. (See Doc. 37 at 19.) Accordingly, the Court GRANTS Defendants' motion to compel the independent medical examination of Plaintiff as detailed below.

### B. Motion to Amend Scheduling Order Deadlines

Defendants also request to amend the scheduling order deadlines. (Doc. 34; see also Doc. 37 at 22.) Plaintiff argues that Defendants have not shown that they have been diligent. (Doc. 36 at 7-8.) Plaintiff contends that Defendants have known that Plaintiff suffered from long thoracic nerve palsy since April 2020. (Doc. 37 at 6.) As Defendants have noted, at least three different doctors have diagnosed her with this condition, and her condition has been fairly stable since the initial disclosures were exchanged. (Doc. 37 at 6-7.) In late 2020, Ms. Robinson was also diagnosed with thoracic outlet syndrome. (Doc. 37 at 7.) Plaintiff asserts that Defendants did not depose any of Plaintiff's treating doctors and waited until November to serve discovery on the Plaintiff. (Doc. 37 at 7.) Plaintiff notes that Defendants also waited until December 2020 to depose Ms. Robinson, just weeks before fact discovery was set to close. (Doc. 37 at 7.) According to Plaintiff, after the fact discovery cut-off, for the first time Defendants approached Plaintiff's counsel about a physical exam. (Doc. 37 at 7.) Plaintiff argues that the Defendants have not been diligent in their efforts to litigate this case and now

5

seek additional time to perform work that should have been done months ago. (Doc. 37 at 8.)

Defendants assert they were acting based on their interpretation of the scheduling order, which they contend was reasonable, and that they should not be precluded from making a case on the merits, even if they misread the scheduling order. (Doc. 37 at 19.) Defendants argue that the delay of thirty days has not irrevocably prejudiced Plaintiff's case. (Doc. 37 at 19-20.) Defendants also allege that any delay in the disclosure of Defendants' medical or other rebuttal expert opinions is attributable to Plaintiff's refusal to submit to a medical evaluation. (Doc. 37 at 20.) Defendants claim that they have been working diligently to understand the contours of this case, "in the face of Plaintiff's extensive pre-existing medical history, her ongoing treatment, slow records collection from medical providers overwhelmed or shuttered by the pandemic, and limited information from Plaintiff herself, much of which was supplied in the 30 days before the close of fact discovery or thereafter." (Doc. 37 at 20.) Defendants maintain that Plaintiff's position on deadlines has hampered Defendants' ability to meet the deadlines in the scheduling order. (Doc. 37 at 20.) Defendants detail the efforts made to do so and the actions that lead to the delay in meeting the deadlines, including setting out the dates Defendants' medical expert could have seen Plaintiff in advance of the deadline, the parties meet and confer efforts, and having the informal hearing with the Court. (Doc. 37 at 20-21.)

The Ninth Circuit has affirmed that district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Court finds that Defendants have been diligent under Rule 16 in their efforts to have Defendants' medical expert examine the Plaintiff and to seek the amendment and **GRANTS IN PART** the motion to amend the scheduling order as detailed below.

**IV.    Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1. Defendants' motion to compel is **GRANTED**, and Plaintiff is ordered to appear for a medical evaluation with Dr. Brian Gantwerker M.D., at 16633 Ventura Boulevard, Suite 802, Encino, California 91436 on March 18, 2021 at 9:00 a.m.; and

2. Defendants' motion to amend the scheduling order is **GRANTED IN PART**, and the following deadlines are extended:

6

      a.     Rebuttal experts:  April 2, 2021

      b.     All discovery pertaining to experts:  May 5, 2021

      c.     Non-dispositive, pre-trial motions:  May 19, 2021.

IT IS SO ORDERED.

Dated: **March 9, 2021**　　　　　　　　　　**/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE